# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1508

_____

Rembrandt Enterprises, Inc.,

*Plaintiff - Appellant,*

v.

Tecno Poultry Equipment, SpA, formerly known as Tecno Poultry Equipment SRL,

*Defendant - Appellee,*

Tecno Poultry Systems, LLC,

*Defendant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: November 19, 2024
Filed: May 23, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

COLLOTON, Chief Judge.

This case involves the collapse of an egg farm's barn and its poultry cage system. The owner of the farm, Rembrandt Enterprises, Inc., sued the designer and manufacturer of the cage system, Tecno Poultry Equipment, SpA, on several theories. One claim alleging negligence proceeded to trial. A jury found that Tecno did not breach its duty to supervise the installation of the cage system and returned a verdict for the defendant. Rembrandt appeals, arguing that the district court[*] committed several errors at trial. We conclude that there is no reversible error and affirm the judgment.

I.

Rembrandt owns and operates an egg farm in Rembrandt, Iowa, that produces, processes, and distributes egg-based food products. Tecno, headquartered in Italy, designs and manufactures poultry housing systems, such as egg collection equipment and trolley feeding systems.

In 2006, the parties contracted for Tecno to design and manufacture a poultry cage system to be installed in four barns at Rembrandt's egg farm. Tecno agreed to furnish an on-site technician for ten weeks and to provide "supervision of installation" of the cage system. The contract did not define "supervision."

Tecno selected Andrzej Golebiewski to be the on-site technician during the assembly and installation of the cage system. Because the contract did not provide for Tecno to perform assembly or installation, Rembrandt contracted with a third party to assemble and install the cage system.

_____

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

The installation was completed in 2007. The cage system consisted of eight rows of cages running the length of the barn. There were ten levels of cages divided into two tiers. A catwalk ran between levels five and six, separating the two tiers. Feed troughs and water tubes were placed on each row. An egg collection conveyer and manure conveyer were placed on each tier.

On February 14, 2020, over a decade after the installation, the cage system in one of the barns collapsed and killed one farm worker. The collapse caused significant damage to the barn and destroyed eggs and hens.

Rembrandt sued Tecno in 2021 for strict products liability, breach of implied warranties, and negligence. The district court concluded that there were genuine issues of fact for trial on whether Tecno was negligent in supervising installation of the cage system. The court granted summary judgment for Tecno on the remaining claims.

The parties presented competing evidence about Tecno's duty to supervise the installation. The jury also heard competing expert testimony about the cause of the collapse. Rembrandt's expert stated that there were thousands of screws missing from the cage system, and that several bolts used to connect the cage to the barn's exterior were placed incorrectly. The expert opined that after weather and temperature took their toll, the cage system ultimately collapsed because of the missing screws and misplaced bolts. By contrast, Tecno's two experts testified that Rembrandt did not properly dispose of the manure in the barn. They opined that as manure built up, more weight was placed on the cage system, and the stress of the weight caused the system to collapse.

After Tecno presented its evidence, Rembrandt moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The motion argued that no reasonable jury could find that Tecno adequately supervised the installation of the

-3-

cage system. The district court denied the motion. Rembrandt renewed its motion at the close of the evidence before the case was submitted to the jury, and the court again denied the motion. The jury found that Tecno did not breach a duty to supervise the installation and returned a verdict in favor of the defense. The court entered judgment for Tecno, and Rembrandt did not renew its motion for judgment as a matter of law. Rembrandt appeals.

## II.

### A.

Rembrandt first argues that there was insufficient evidence to support the verdict because no reasonable jury could find that Tecno adequately supervised the installation of the cage system. Rembrandt argues that the court should not have submitted the issue to the jury and should have granted judgment as a matter of law for Rembrandt. We decline to consider this argument because Rembrandt failed to preserve the issue for appeal.

To preserve a challenge to the sufficiency of the evidence, a party must file a motion under Federal Rule of Civil Procedure 50(b) within 28 days of the entry of judgment. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006); Fed. R. Civ. P. 50(b). Rule 50(a) permits "a party to challenge the sufficiency of the evidence prior to submission of the case to the jury." *Unitherm*, 546 U.S. at 399. "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). "Rule 50(b), by contrast, sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment." *Unitherm*, 546 U.S. at 400. A party's failure to renew its preverdict motion for judgment as a matter of law as provided in Rule 50(b) "forecloses its challenge to the sufficiency

of the evidence," *id.* at 404, and renders "an appellate court . . . 'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (quoting *Unitherm*, 546 U.S. at 405).

Rembrandt filed a motion for judgment as a matter of law under Rule 50(a) after Tecno presented its case-in-chief. Rembrandt renewed its motion at the close of the evidence before the case was submitted to the jury. The district court denied both motions. But Rembrandt did not renew its motion under Rule 50(b) after the jury returned its verdict and judgment was entered. Rembrandt's failure to renew its motion precludes our review of its challenge to the sufficiency of the evidence. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1205 (8th Cir. 2015).

While we recognize that Tecno did not raise Rembrandt's forfeiture in its brief on appeal, and the rule is not jurisdictional, "[t]he requirement of a timely application for judgment after verdict is . . . an essential part of Rule 50." *Id.* (internal quotation omitted). A postverdict motion "is necessary because determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Unitherm*, 546 U.S. at 401 (internal quotation omitted). We therefore hold Rembrandt to its forfeiture and decline to consider its challenge to the sufficiency of the evidence.

Rembrandt also raises arguments concerning causation and fault, but with a jury verdict finding that Tecno did not breach a legal duty, we need not reach other issues concerning the negligence claim.

B.

Rembrandt next raises an evidentiary issue. Rembrandt argues that the district court abused its discretion in excluding a screenshot of Tecno's website. The

proffered evidence is a page from the website in 2023 that describes services that Tecno offers when it installs a "turnkey" cage system. The web page states that Tecno's "experts will ensure each system is installed correctly and includes the right accessories." Rembrandt sought to introduce that page to show Tecno's understanding of the term "supervision." The district court ruled that the screenshot was irrelevant because it was a current advertisement for a "turnkey" cage system and did not address the meaning of the 2006 contract. We review the district court's ruling for abuse of discretion.

Rembrandt argues that despite the date of the web page, the court should have admitted the screenshot as the admission of a party opponent. *See* Fed. R. Evid. 801(d)(2)(a). Rembrandt asserts that Tecno's cage system has been the same since the 1980s, and that its assurance about installation from 2023 is relevant to its obligations under the 2006 contract.

We conclude that the district court properly determined that the screenshot was not relevant. The web page was dated nearly seventeen years after the parties formed the contract. The 2006 contract did not promise a "turnkey" system and did not define "supervision" in accordance with the 2023 web page. The web page is Tecno's advertisement about a particular cage system for potential clients at a later date. The web page from 2023 did not tend to show the intent of the parties in 2006 when they formed the contract at issue in this case.

\*       \*       \*

The judgment of the district court is affirmed. The unopposed motions to supplement the record on appeal are granted.

_____

-6-